UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EARNEST STANBERRY, JR. and
LINDA F. STANBERRY,

    Plaintiffs,

v.                                                    Case No. 3:20cv5906-MCR-HTC

ESCAMBIA COUNTY BOARD OF
COUNTY COMMISSIONERS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Earnest Stanberry, Jr. and Linda F. Stanberry, proceeding *pro se*, initiated this action on October 27, 2020, by filing a civil rights complaint purporting to state claims under 42 U.S.C. § 1983 (ECF Doc. 1) and paying the requisite filing fee. After identifying various deficiencies in the complaint, the Court provided them an opportunity to amend their pleading. Subsequently, on January 13, 2021, Earnest Stanberry, Jr. filed an amended complaint (ECF Doc. 12), which is now pending before the Court.[1]

---

[1] Although the "case style" of the amended complaint and the "parties" section identifies both Linda Stanberry and Earnest Stanberry, the amended complaint is signed only by Earnest Stanberry. Additionally, the state case that is the subject of the amended complaint is one involving only Earnest Stanberry. Thus, the clerk will be directed to terminate Linda Stanberry as a Plaintiff.

Upon consideration of Plaintiff's amended complaint, the undersigned recommends this case be DISMISSED for failure to state a claim. Even under the most liberal reading, Plaintiff's claims (1) violate the *Rooker-Feldman* doctrine and (2) seek damages against immune Defendant judges.

## I.   THE AMENDED COMPLAINT

Plaintiff sues the Escambia County Board of County Commissioners ("The Board") in its official capacity, as well as four (4) judges: Nicholas Geeker, Michael Allen, Jennie Kinsey, and Thomas Danheisser. ECF Doc. 1 at 3–4. In the "Statement of Facts" section of the amended complaint, Plaintiff alleges only the following: "In case number 98-1706-01, I was originally awarded $670,000 for damages, however the court reduced the awarded amount to $260,000 and gave no basis for the reduction." *Id.* at 5.

In the "Statement of Claims" section, Plaintiff simply states, "The standard set forth by the [Florida] Supreme Court in [*Lassitter v. International Union of Operating Engineers*] is such that even where the verdict is for considerably more than the trial court thought it should be, the court does not have the right to order a remittitur." *Id.* at 7. Other than a citation to the *Lassitter* case, Plaintiff does not provide any other information in this section of the amended complaint. *Id.*

For relief, Plaintiff seeks "$25,000,000 in damages based on the years of destruction to the property due to flooding from the mid 1950's to the present and

also due to the denial of an injunction ordering the county to make the necessary correction to what led to the destruction." *Id.* Aside from what is mentioned above, Plaintiff provides no other substantive information in the amended complaint.

## II. LEGAL STANDARD

District courts have "'unquestionable' authority to control their own dockets. This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint, where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, plaintiffs must go beyond merely pleading the sheer possibility of unlawful activity by a defendant; plaintiffs must offer factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Additionally, because Plaintiff is proceeding *pro se*, the undersigned will liberally construe his allegations. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

### III.   DISCUSSION

As an initial matter, and even when construing Plaintiff's allegations liberally, Plaintiff's amended complaint fails to meet the basic pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and each averment be "concise, and direct," Fed. R. Civ. P. 8(e)(1).  As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Here, the undersigned cannot discern anything from Plaintiff's amended complaint that qualifies as a short and plain statement of a federal claim or even the basis of this Court's jurisdiction.  *Bradley v. JP Morgan Chase Bank Nat. Ass'n*, 2013 WL 5278654, at *1 (M.D. Ga. Sept. 18, 2013) ("Where there are *pro se* pleadings with allegations so sparse as to raise the question of whether a federal cause of action even exists, the preferred approach is to . . . to dismiss for failure to state a claim under Rule 12(b)(6).").  Although Plaintiff purports to bring this claim

under 42 U.S.C. § 1983, ECF Doc. 12 at 5, he does not allege the deprivation of any "rights, privileges, or immunities secured by the Constitution" or federal law. In other words, even when read liberally in Plaintiff's favor, Plaintiff's sparse allegations have no legal or factual support and do not state a cause of action, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and this Court cannot "rewrite" Plaintiff's complaint "in order to sustain an action," *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Moreover, aside from the case style and "Parties" section, neither the statement of claims nor the statement of facts mentions any of the named Defendants or states as to each what they did, as would be necessary to put Defendants on notice of the claim against them so that they can adequately respond.

Normally, when a complaint fails to meet Rule 8 standards, the Court will allow a plaintiff an opportunity to amend. In this case, however, the undersigned finds an additional opportunity to amend to be futile. *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("[D]istrict courts need not permit amendment where it would be futile to do so."). This is so because the deficiencies in the amended complaint are incurable. As discussed below, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, and Plaintiff seeks damages from judges who are immune from liability.

### A. The *Rooker-Feldman* Doctrine

The crux of Plaintiff's claims appears to be his discontent with a state court's remittitur of a damages award without explanation and the denial of an injunction request. This Court, however, does not have jurisdiction to undo the state court's decisions or adjudicate matters that are inextricably intertwined with those decisions.

Under the *Rooker-Feldman* doctrine,[2] federal courts may not exercise jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010) ("The doctrine bars the losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" (quoting *Johnson v. De Grandy*, 512 U.S. 997 (1994))).

---

[2] The doctrine arises from two cases: *Rooker v Fidelity Trust Co.*, 263 U.S. 413 (1923), in which the United States Supreme Court noted district courts only possess original jurisdiction and, thus, the United States Supreme Court is the only federal court that can hear an appeal of a state court judgment, and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), in which the Supreme Court later re-affirmed its earlier decision.

"The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (citation omitted). The doctrine "operates as a bar to federal court jurisdiction where the issue before the federal court was 'inextricably intertwined' with the state court judgment so that (1) the success of the federal claim would 'effectively nullify' the state court judgment, or that (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'" *Id.* at 1262–63 (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

In determining whether the *Rooker-Feldman* doctrine applies, this Court considers whether: "(1) the party in federal court is the same as the party in the state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court judgments. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (quoting *Amos v. Glynn County Board of Tax Assessors*, 347 F. 3d 1249, 1265 (11th Cir. 2003)). The Eleventh Circuit has further defined the "inextricably intertwined" requirement as the situation when a "federal claim succeeds only to the extent that the state court wrongly decided the issues before."

*Goodman ex rel Goodman v. Sipos*, 259 F.3d at 1332 (quoting *Siegel v LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc)).

Each of those elements is met here. First, the Court takes judicial notice that Plaintiff was a party in a state court lawsuit, *Earnest Stanberry, Jr. v. Escambia County Florida*, Case No.: 1998-CA-1706.[3] The case was initiated by Stanberry in 1998 and resulted in a jury verdict on February 28, 2001. The court, however, denied Stanberry's request for injunctive relief.

Although the verdict was in Stanberry's favor, the Defendant filed a motion for remittitur, and the motion for remitter or, alternatively, for new trial, was granted on July 31, 2002. Stanberry accepted the remittitur. Thus, the circuit court entered a final judgment for $260,000 on October 15, 2002. Stanberry appealed the judgment. The appellate court reversed and remanded for the trial court to consider the cost of repair or replacement of the damaged property. The parties, however, ended up reaching a settlement in March 2004. Thus, the second element of *Rooker-Feldman* is met—namely, that state court rulings contested by Plaintiff resulted in a final or conclusive determination regarding the damages awarded and the denial of injunctive relief.

---

[3] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Additionally, the undersigned has attached the state court docket as an exhibit to this Report and Recommendation, which the undersigned considered in recommending this dismissal. *Paez*, 947 F.3d at 649 ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them . . . .").

Case No. 3:20cv5906-MCR-HTC

The third element is also met because Plaintiff already appealed the circuit court's remittitur decision to the appellate court and could have appealed the state court's decision on remand if he did not like it. Instead, he settled the matter. Finally, the issues Plaintiff presents in the amended complaint—that this Court grant the injunctive relief the state court denied and award him additional damages—were clearly adjudicated by the state court. *See Centobene v. California Court of Appeal, Second Dist., Sixth Div.*, 230 F.3d 1366 (9th Cir. 2000) (affirming district court's determination "that it lacked jurisdiction to order the California Court of Appeals to recall its remittitur because the *Rooker-Feldman* doctrine provides that a federal court may not exercise appellate jurisdiction over the final judgment of a state court").

There can be no doubt here, despite the dearth of information alleged in the amended complaint, that the basis of Plaintiff's claim was at the heart of state court proceedings. For Plaintiff to succeed here, this Court would necessarily have to find that the state court's decisions were incorrect. "A claim that at its heart challenges the state court decision itself—and not the statute or law which underlies that decision—falls within the doctrine because it complains of injuries caused by state-court judgments and invites review and rejection of those judgments." *May v. Morgan Cty.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (internal quotation marks omitted). Plaintiff's complaint "invites review and rejection of" the state court

decisions. *Hansen v. Florida Comm'n of Offender Review*, No. 20-10761 (November 10, 2020) (citing *May*, 878 F.3d at 1005).

Thus, this Court lacks jurisdiction to hear this matter. *See Wood v. Orange County*, 715 F.2d 1543, 1546 (11th Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984) ("[Because] federal review of state court decisions is entrusted solely to the Supreme Court, [the lower federal courts] may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment.").

### B. Judicial Immunity

Even if the Court were to determine it had jurisdiction over Plaintiff's action, Plaintiff's claims against the defendant judges are barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

Judicial immunity applies to all judicial acts. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "In other words, we look to the particular act's relation to a general function normally performed by a judge[.]" *Mireles*, 502 U.S. at 13.

Immunity may be overcome only (1) where the judge has not acted within his judicial capacity, or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11–12. An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject-matter jurisdiction of the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 946–48 (11th Cir. 1985). Moreover, a judge is not deprived of absolute immunity from liability for damages "because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump*, 435 U.S. at 356; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Plaintiff has set forth no facts against the judges and certainly nothing that would indicate judicial immunity would not apply.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends Plaintiff's claims be dismissed for failure to state a claim *sua sponte*, prior to service, and without leave to amend. The fact that Plaintiff has paid the full filing fee does not alter this analysis. Indeed, an "early evaluation of the potential merits of a *pro se* litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See, e.g.*, *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015

Case No. 3:20cv5906-MCR-HTC

WL 13776794 (S.D. Fla. May 18, 2015), *adopting report and recommendation*, 2015 WL 13776795 (June 22, 2015).

Also, because Plaintiff will be afforded an opportunity to file an objection to this Report and Recommendation, a *sua sponte* dismissal is appropriate. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted) ("[A] district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R & R served as notice that claims would be *sua sponte* dismissed).

Accordingly, it is ORDERED that the clerk is directed to terminate Linda Stanberry as a Plaintiff.

It is also respectfully RECOMMENDED:

1. Plaintiff's amended complaint (ECF Doc. 12) be dismissed.
2. The clerk be directed to close this file.

Done in Pensacola, Florida, this 9th day of February, 2021.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Case No. 3:20cv5906-MCR-HTC

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u>  **An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

# 1998 CA 001706 - STANBERRY EARNEST JR vs. ESCAMBIA COUNTY FLORIDA A POLITICAL, SUBDIVISION OF THE S

## SUMMARY

| | | |
|---|---|---|
| Judge: NICKINSON, E P III | Case Type: NEGLIGENCE | Status: CLOSED |
| Case Number: 1998 CA 001706 | Uniform Case Number: 171998CA001706XXXXXX | |
| Clerk File Date: 9/30/1998 | Status Date: 5/4/2005 | |
| SAO Case Number: | Total Fees Due: 0.00 | |
| Agency: | Agency Report #: | Custody Location: |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | STANBERRY EARNEST JR | |
| DEFENDANT | ESCAMBIA COUNTY FLORIDA A POLITICAL, SUBDIVISION OF THE STATE OF FLORIDA | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION |
|---|---|---|---|
| | | No Events on Case | |

## CASE HISTORY

| CASE NUMBER | CHARGE DESCRIPTION | CASE STATUS | DISPOSITION | OUTSTANDING AMOUNT |
|---|---|---|---|---|
| | | No Additional Cases | | |

## CASE DOCKETS

| | DATE | ENTRY |
|---|---|---|
| | 6/22/2011 | COPIES/CERTIFICATIONS RECEIPT: 1299712 DATE: 06/22/2011 |
| | 1/4/2011 | COPIES/CERTIFICATIONS RECEIPT: 1234963 DATE: 01/04/2011 |
| | 1/8/2010 | COPIES/CERTIFICATIONS RECEIPT: 1102011 DATE: 01/08/2010 |
| | 6/4/2009 | COPIES/CERTIFICATIONS RECEIPT: 1025460 DATE: 06/10/2009 |
| Request | 6/4/2009 | REQUEST FOR COPIES |
| | 5/19/2009 | COPIES/CERTIFICATIONS RECEIPT: 1017137 DATE: 05/19/2009 |
| | 5/27/2008 | COPIES/CERTIFICATIONS RECEIPT: 889784 DATE: 05/27/2008 |
| Request | 5/21/2008 | LETTER REQUESTING COPY |
| | 10/16/2007 | COPIES/CERTIFICATIONS RECEIPT: 811281 DATE: 10/16/2007 |
| Request | 4/27/2007 | NOTICE OF WITHDRAWL OF EVIDENCE |
| | 11/29/2006 | COPIES/CERTIFICATIONS RECEIPT: 695980 DATE: 11/29/2006 |
| Request | 2/13/2006 | FAXED COPY OF REQUEST FOR COPIES |
| | 2/13/2006 | COPIES/CERTIFICATIONS RECEIPT: 589455 DATE: 02/13/2006 |
| | 5/4/2005 | STIPULATION & FINAL ORDER OF DISMISSAL |
| | 4/22/2005 | GENERAL RELEASE AND HOLD HARMLESS AGREEMENT AND CORRESPONDANCE |
| | 3/31/2005 | ORDER ON MOTION TO DETERMINE VALIDITY OF CHARGING LIEN |
| | 2/28/2005 | RESPONSE MOTION TO DETERMINE VALIDITY OF CHARGING LIEN ATTORNEY: MINSHEW, LISA S (0000618322) |
| | 2/1/2005 | MOTION (ESCAMBIA COUNTY'S) TO DETERMINE VALIDITY OF CHARGING LIEN |
| | 2/1/2005 | NOTICE OF HEARING 3/1/05 @ 9:30 AM |
| | 1/20/2005 | ORDER ON GARY A. SIPLIN'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF |
| | 12/20/2004 | AMENDED NOTICE OF HEARING 011805 @ 9:45 AM |
| | 12/10/2004 | NOTICE OF HEARING 1/18/05 @ 9:45 AM |

| DATE | ENTRY |
|---|---|
| 12/9/2004 | MOTION OF GARY SIPLIN, ESQUIRE TO WITHDRAW AS COUNSEL OF RECORD FOR THE PLAINTIFF |
| 7/9/2004 | NOTICE OF APPEARANCE BY GARY SIPLIN ON BEHALF OF THE PLAINTIFF |
| 7/7/2004 | ORDER GRANTING MOTION TO WITHDRAW |
| 6/10/2004 | DEFENDANT'S OBJECTION TO NOTICE OF ATTORNEY'S CHARGING LIEN |
| 5/17/2004 | NOTICE OF HEARING 070704 @ 2:15 PM |
| 5/17/2004 | MOTION TO WITHDRAW - LISA MINSHEW, ESQUIRE |
| 5/10/2004 | NOTICE OF NON-REPRESENTATION |
| 3/26/2004 | RECORD ON APPEAL RETURNED FROM DISTRICT COURT OF APPEAL, DCA# 1D02-4558 AND 02-4559 |
| 3/23/2004 | REPORT OF MEDIATOR- SETTLEMENT REACHED |
| 2/23/2004 | MANDATE AND OPINION FROM DISTRICT COURT REVERSING AND REMANDING $225,000.00 AWARDED IN DAMAGES FOR COST OF RE PROPERTY AND REMAND TO TRIAL COURT FOR NEW TRIAL ON THIS ELEMENT OF DAMAGES. ALL OTHER ASPECTS IS AFFIRMED. T COSTS ARE VACATED. DCA# 1D02-4558 & 1D02-4559 |
| 11/20/2003 | ORDER FROM DISTRICT COURT DENYING APPELLEES MOTION FOR ATTORNEY FEES |
| 2/26/2003 | RECORD ON APPEAL MAILED TO DISTRICT COURT-INCLUDED EXHIBITS AND TRIAL TRANSCRIPT, DCA# 1D02-4558 & 4559 |
| 12/30/2002 | POSTAL CHARGES RECEIPT: 209986 DATE: 12/30/2002 |
| 12/30/2002 | PREPARE/INDEX APPEAL RECEIPT: 209986 DATE: 12/30/2002 |
| 12/11/2002 | ORDER FROM DISTRICT COURT CONSOLIDATING APPEALS FOR ALL PURPOSES INCLUDING THE RECORD, BRIEFING AND DISPOSITIO |
| 11/20/2002 | DESIGNATION TO COURT REPORTERS AND REPORTERS' ACKNOWLEDGEMENT |
| 11/18/2002 | DIRECTIONS TO CLERK |
| 11/18/2002 | DESIGNATION TO REPORTERS AND REPORTERS' ACKNOWLEDGEMENT |
| 11/18/2002 | COPY OF NOTICE OF CROSS APPEAL MAILED TO DISTRICT COURT |
| 11/15/2002 | NOTICE OF CROSS APPEAL (BY STANBERRY ON DAMAGES- NO FEES ATTACHED) |
| 11/8/2002 | COPY OF NOTICE OF APPEALS (2) MAILED TO DCA, TALLAHASSEE |
| 11/8/2002 | NOTICE OF APPEAL ON ATTORNEY'S FEES AND COSTS |
| 11/8/2002 | NOTICE OF APPEAL ON FINAL JUDGMENT AWARDING DAMAGES |
| 11/8/2002 | FILING FEE APPEALS RECEIPT: 196142 DATE: 11/08/2002 |
| 11/8/2002 | FILING FEE APPEALS RECEIPT: 196143 DATE: 11/08/2002 |
| 10/17/2002 | FINAL JUDGMENT FOR ATTORNEY FEES AND COSTS |
| 10/15/2002 | FINAL JUDGMENT PLT $260,000.00 |
| 9/24/2002 | CORRESPONDENCE OF ERNEST STANDBERRY, JR |
| 8/29/2002 | COPY OF TRANSCRIPT OF PROCEEDINGS HELD ON 041801 |
| 8/29/2002 | COPY OF TRANSCRIPT OF PROCEEDINGS HELD ON 091101 |
| 8/29/2002 | NOTICE OF FILING COPY OF TRANSCRIPT OF HEARING HELD ON 091101 AND COPY OF TRANSCRIPT OF HEARING HELD ON 041801 |
| 8/27/2002 | MOTION FOR CONTINUANCE - ESCAMBIA COUNTY FLORIDA'S |
| 8/27/2002 | NOTICE OF HEARING 10/3/02 @ 1:30 PM |
| 8/27/2002 | MEMORANDUM OF LAW IN OPPOSITION |
| 8/23/2002 | AMENDED NOTICE OF HEARING 100302 @ 1:30 PM |
| 8/20/2002 | NOTICE OF HEARING 100202 @ 2:30 PM |
| 8/18/2002 | RECORD ON APPEAL RETURNED FROM DISTRICT COURT OF APPEAL (2) |
| 8/2/2002 | MEMORANDUM OF LAW CONCERNING F.S.S. 768.28 |
| 8/2/2002 | MOTION TO AWARD ATTORNEY'S FEES AND TAX COSTS |
| 8/1/2002 | PLAINTIFF'S NOTICE OF ACCEPTANCE OF REMITTITUR |
| 7/31/2002 | ORDER GRANTING REMITTITUR OF ALTERNATIVELY ORDER GRANTING PLAINTIFF A NEW TRIAL ON DAMAGES |
| 5/23/2002 | NOTICE OF APPEARANCE |
| 5/23/2002 | CROSS-NOTICE OF HEARING 073102 @ 1:30 PM |
| 5/21/2002 | NOTICE OF HEARING 073102 @ 1:30 PM |
| 5/6/2002 | MANDATE AND OPINION FROM DISTRICT COURT REVERSING ORDER AWARDING ATTORNEY FEES, DCA# 1D01-4483 |
| 5/6/2002 | MANDATE AND OPINION FROM DISTRICT COURT AFFIRMING DENIAL OF THE MOTION FOR PERMANENT INJUNCTION, DISMISSING CR 1D01-2385 |
| 2/25/2002 | ORDER FROM DISTRICT COURT DISCHARGING ITS ORDER OF 2-12-2002 REQUIRING APPELLEE TO FILE AMENDED BRIEF. |

| DATE | ENTRY |
|---|---|
| 2/22/2002 | ORDER FROM DISTRICT COURT GRANTING MOTION TO CONSOLIDATE APPEALS, DCA# 1D01-2385 AND 1D01-4483 |
| 2/22/2002 | RECORD ON APPEAL MAILED TO DCA, DCA# 1D01-4483 |
| 1/14/2002 | PREPARE/INDEX APPEAL RECEIPT: 105568 DATE: 01/14/2002 |
| 11/13/2001 | REPORTERS ACKNOWLEDGMENT |
| 11/6/2001 | COPY OF NOTICE OF APPEAL MAILED TO DCA, TALLAHASSEE |
| 11/5/2001 | FILING FEE APPEALS DISTRICT COURT - ESCAMBIA COUNTY - LOUIS ROSENBLOUM, P.A. RECEIPT: 88917 DATE: 11/05/2001 |
| 11/4/2001 | DESIGNATION TO COURT REPORTER |
| 11/4/2001 | NOTICE OF APPEAL FILED BY DEFENDANT |
| 10/8/2001 | FINAL JUDGMENT FOR THE AWARD OF ATTORNEYS FEES AND COSTS |
| 9/28/2001 | RECORD ON APPEAL MAILED TO DCA |
| 9/11/2001 | NOTICE OF FILING CONTINGENCY AGREEMENT (DEFENDANT'S EXHIBIT 2) |
| 9/11/2001 | AFFIDAVIT AS TO ATTORNEY'S FEES |
| 9/11/2001 | DEFENDANTS EXHIBITS 1 VITAE OF WILLIAM E. BOND, JR 2 FEE AGREEMENT |
| 9/4/2001 | COPIES/CERTIFICATIONS RECEIPT: 74169 DATE: 09/04/2001 |
| 8/2/2001 | PREPARE/INDEX APPEAL RECEIPT: 66605 DATE: 08/02/2001 |
| 7/25/2001 | NOTICE OF HEARING 091101 @ 1:30 PM |
| 7/25/2001 | NOTICE OF HEARING 091101 @ 1:30 PM |
| 7/10/2001 | DEPOSITION OF LOUIS F RAY |
| 7/10/2001 | NOTICE OF FILING DEPOSITION OF LOUIS F RAY |
| 6/26/2001 | ORIGINAL TRANSCRIPT OF HEARING 041801 |
| 6/26/2001 | NOTICE OF FILING ORIGINAL TRANSCRIPT OF HEARING 041801 |
| 6/26/2001 | TRANSCRIPT OF HEARING 041801 |
| 6/26/2001 | NOTICE OF FILING TRANSCRIPT OF HEARING 041801 |
| 6/21/2001 | NOTICE OF CROSS APPEAL MAILED TO DISTRICT COURT |
| 6/21/2001 | RESPONSE TO ATTY FEES AND COST, REQUEST TO PRODUCE |
| 6/21/2001 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES |
| 6/19/2001 | NOTICE OF CROSS APPEAL |
| 6/19/2001 | NOTICE OF APPEARANCE BY ATTY LOUIS ROSENBLOUM FOR APPELLEE |
| 6/19/2001 | RESPONSE TO REQUEST FOR PRODUCTION |
| 6/12/2001 | COPY OF NOTICE OF APPEAL MAILED TO DCA, TALLAHASSEE |
| 6/11/2001 | NOTICE OF APPEAL |
| 6/11/2001 | FILING FEE APPEALS DISTRICT COURT RECEIPT: 54169 DATE: 06/12/2001 |
| 6/8/2001 | MOTION TO DISMISS STIPULATED TEMPORARY INJUNCTION AND STIPULATED ORDER FOR CONTEMPT |
| 6/5/2001 | NOTICE OF TAKING DEPOSITION |
| 5/24/2001 | NOTICE OF SERVICE OF INTERROGATORIES |
| 5/24/2001 | REQUEST FOR PRODUCTION |
| 5/23/2001 | NOTICE OF TAKING DEPOSITION |
| 5/21/2001 | REQUEST FOR PRODUCTION |
| 5/11/2001 | ORDER ON VARIOUS PENDING TRIAL MOTIONS |
| 5/11/2001 | MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR REMITTITUR |
| 5/11/2001 | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR INJUNCTION |
| 5/11/2001 | PLAINTIFFS EXHIBITS A INVOICES B LETTER |
| 4/26/2001 | COPIES/CERTIFICATIONS RECEIPT: 43376 DATE: 04/26/2001 |
| 4/25/2001 | ORDER ON MOTION TO COMPEL PLAINTIFF TO FILE TRIAL EXHIBIT |
| 4/17/2001 | AFFIDAVIT OF LOU F. RAY, JR. |
| 4/17/2001 | NOTICE OF FILING @ AFFIDAVIT OF LOU F. RAY, JR |
| 4/16/2001 | AFFIDAVIT OF CINDY ANDERSON |
| 4/16/2001 | RESPONSE TO MOTION FOR PERMANENT INJUNCTION AND SUPPORTING MEMORANDUM OF LAW |

| DATE | ENTRY |
|---|---|
| 4/4/2001 | NOTICE OF APPEARANCE BY JAMES M. MESSER AS CO-COUNSEL FOR ESCAMBIA COUNTY |
| 4/3/2001 | COPIES/CERTIFICATIONS ATTORNEY: MINSHEW, LISA S (0000618322) RECEIPT: 38756 DATE: 04/03/2001 |
| 3/30/2001 | NOTICE OF CHANGE OF ADDRESS FOR PLAINTIFF'S ATTY |
| 3/22/2001 | NOTICE OF HEARING 041801 @ 10:30 AM |
| 3/20/2001 | MOTION TO AWARD ATTORNEY'S FEES & TAX COST ATTORNEY: MINSHEW, LISA S (0000618322) |
| 3/20/2001 | MOTION FOR PERMANENT INJUNCTION TTORNEY: MINSHEW, LISA S (0000618322) |
| 3/19/2001 | TRANSCRIPT OF PROCEEDINGS PRETRIAL 022001 |
| 3/19/2001 | NOTICE OF FILING TRANSCRIPT OF PRETRIAL HEARING |
| 3/15/2001 | NOTICE OF HEARING 04-18-01 @10:30AM |
| 3/13/2001 | TRANSCRIPT OF PROCEEDINGS HELD 2/26/01-2/28/01 VOLS 1-5 |
| 3/13/2001 | NOTICE OF FILING TRANSCRIPTS OF TRIAL HELD 2/26/01 - 2/28/01 |
| 3/13/2001 | TRANSCRIPT OF PROCEEDINGS HELD 01302001 |
| 3/13/2001 | NOTICE OF FILING TRANSCRIPT OE HEARING HELD 01302001 |
| 3/9/2001 | DEFENDANTS MOTION FOR REMITTITUR |
| 3/9/2001 | MOTION FOR DIRECTED VERDICT OR NEW TRIAL |
| 2/28/2001 | VERDICT |
| 2/28/2001 | PROPOSED JURY INSTRUCTIONS |
| 2/28/2001 | AMENDED WITNESS LIST |
| 2/28/2001 | PLAINTIFFS MEMORANDUM ON MOTION FOR PARTIAL JUDGMENT |
| 2/23/2001 | ORDER ON PRETRIAL CONFERENCE |
| 2/23/2001 | PRETRIAL STIPULATION |
| 2/22/2001 | |
| 2/22/2001 | 11 REPORT |
| 2/22/2001 | 5 MORTGAGE 6 LETTER 7 LETTER 8 & 9 DECLARATIONS 10 LETTER |
| 2/22/2001 | DEFENDANTS EXHIBITS 1 WORK ORDERS 2 & 3 APPRAISALS 4 PHOTOS |
| 2/22/2001 | 32 PHOTOS |
| 2/22/2001 | 28 SURVEY 29 REPORT 30 AERIAL MAP PHOTO 31 AERIAL MAP |
| 2/22/2001 | 24 PUMP DESIGN AND CALCULATIONS 25 PUNCH LIST 26 & 27 MEMOS |
| 2/22/2001 | 20 STUDY 21 MAP 22 RAINFALL INTENSITY 23 PUMP DESIGN |
| 2/22/2001 | 9 - 15 WORK ORDERS 16 REPORT 17 PHOTOS 18 INVOICE 19 MAP |
| 2/22/2001 | 5 COMPOSITE OF RECEIPTS 6 & 7 MEMOS 8 COPY OF RESUME |
| 2/22/2001 | PLAINTIFFS EXHIBITS 1 & 2 COPY OF DEEDS 3 SURVEY 4 PHOTO |
| 2/22/2001 | --PROPOSED ADDITIONAL INSTRUCTIONS & VERDICT FORM |
| 2/22/2001 | NOTICE OF FILING PROPOSED STANDARD JURY INSTRUCTIONS-- |
| 2/20/2001 | MOTION OF EARNEST STANBERRY JR IN LIMINE |
| 2/20/2001 | --02161996 |
| 2/20/2001 | NOTICE OF FILING CORRESPONDENCE OF J R MORGAN DATED-- |
| 2/19/2001 | DEPOSITION OF ORAN BAUGHN |
| 2/19/2001 | NOTICE OF FILING DEPOSITION ORAN BAUGHN |
| 2/16/2001 | STIPULATION OF PRETRIAL |
| 2/15/2001 | NOTICE OF TAKING DEPOSITION |
| 2/13/2001 | MOTION (TENTH) IN LIMINE |
| 2/13/2001 | MOTION TO QUASH TRIAL SUBPOENA DIRECTED TO ORAN BAUGHN |
| 2/13/2001 | CASE RE-OPENED |
| 2/12/2001 | COPY OF CERTIFIED/SEALED COPY OF MORTGAGE |
| 2/12/2001 | NOTICE OF FILING CERTIFIED/SEALED COPY OF MORTGAGE |
| 2/12/2001 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES |
| 2/9/2001 | NOTICE OF FILING RESPONSE TO REQUEST FOR PRODUCTION |

| DATE | ENTRY |
|---|---|
| 2/9/2001 | MEMORANDUM OF LAW |
| 2/5/2001 | NOTICE OF TAKING DEPOSITION |
| 2/5/2001 | NOTICE OF TAKING DEPOSITION |
| 2/1/2001 | REQUEST TO PRODUCE (DEFENDANT) |
| 1/29/2001 | NOTICE OF TAKING DEPOSITION |
| 1/29/2001 | TO QUASH TRIAL SUBPOENA DIRECTED TO RON MORGAN |
| 1/29/2001 | AFFIDAVIT OF EARNEST STANBERRY, JR. ON DEFENDANT'S MOTION |
| 1/29/2001 | RON MORGAN |
| 1/29/2001 | DEFENDANT'S MOTION TO QUASH TRIAL SUBPOENA DIRECTED TO |
| 1/29/2001 | NOTICE OF FILING AFFIDAVIT OF EARNEST STANBERRY, JR. ON |
| 1/29/2001 | SEVENTH MOTION IN LIMINE RON MORGAN |
| 1/29/2001 | AFFIDAVIT OF EARNEST STANBERRY, JR. ON DEFENDANT'S |
| 1/29/2001 | ON DEFENDANT'S MOTION IN LIMINE ON RON MORGAN |
| 1/29/2001 | NOTICE OF FILING AFFIDAVIT OF EARNEST STANBERRY, JR. |
| 1/26/2001 | AMENDED NOTICE OF HEARING ON 01-30-2001 AT 10:15 AM |
| 1/25/2001 | DEPOSITION OF NORMAN PAUL AUTIN 051299 AT 9:15 AM |
| 1/25/2001 | NOTICE OF FILING DEPOSITION OF NORMAN PAUL AUTIN |
| 1/25/2001 | DEPOSITION OF JOSEPH ANTHONY DESTEFANO 051299 AT 11:00AM |
| 1/25/2001 | NOTICE OF FILING DEPOSITION OF JOSEPH ANTHONY DESTEFANO |
| 1/24/2001 | MOTION TO STRIKE |
| 1/24/2001 | CASE RE-OPENED |
| 1/24/2001 | AMENDED NOTICE OF HEARING ON 02-20-2001 AT 10:30 AM |
| 1/22/2001 | MOTION (NINTH) OF ESCAMBIA COUNTY IN LIMINE |
| 1/22/2001 | MOTION (EIGHT) OF ESCAMBIA COUNTY IN LIMINE |
| 1/22/2001 | CASE RE-OPENED |
| 1/22/2001 | DEPOSITION OF JOE A. EDMISTEN ON 09-25-2000 AT 3:00 PM |
| 1/22/2001 | NOTICE OF FILING DEPOSITION OF JOE EDMISTEN |
| 1/22/2001 | TRANSCRIPT OF PROCEEDINGS ON 05-18-99 AT 11:00 AM |
| 1/22/2001 | NOTICE OF FILING TRANSCRIPT OF PROCEEDINGS ON 05-18-99 |
| 1/22/2001 | AFFIDAVIT OF EARNEST STANBERRY, JR. |
| 1/22/2001 | NOTICE OF FILING AFFIDAVIT OF EARNEST STANBERRY, JR. |
| 1/19/2001 | YEARS 1993-1996 |
| 1/19/2001 | COPY OF EARNEST STANBERRY'S INCOME TAX RETURNS FOR THE |
| 1/19/2001 | YEARS 1993-1996 FOR EARNEST STANBERRY |
| 1/19/2001 | NOTICE OF FILING COPIES OF INCOME TAX RETURNS FOR THE |
| 1/16/2001 | NOTICE OF SERVICE OF PROPOSAL FOR SETTLEMENT |
| 1/12/2001 | NOTICE OF HEARING ON 02-20-2001 AT 10:30 AM |
| 1/12/2001 | NOTICE OF HEARING ON 01-30-2001 AT 10:15 AM |
| 1/12/2001 | NOTICE OF SERVICE OF INTERROGATORIES |
| 1/11/2001 | MEDIATION STATUS REPORT |
| 1/4/2001 | DEPOSITION OF JOAN ANNE BELONGIA 9/25/2000 |
| 1/4/2001 | NOTICE OF FILING DEPOSITION |
| 1/4/2001 | MOTION TO QUASH TRIAL SUBPOENA TO RON MORGAN |
| 1/4/2001 | MOTION IN LIMINE |
| 1/4/2001 | CASE RE-OPENED |
| 1/3/2001 | AFFIDAVIT OF CINDY ANDERSON |
| 1/3/2001 | CASE RE-OPENED |
| 1/3/2001 | MOTION FOR SUMMARY JUDGMENT |

| DATE | ENTRY |
|---|---|
| 1/2/2001 | MOTION IN LIMINE |
| 1/2/2001 | MOTION IN LIMINE |
| 1/2/2001 | MOTION IN LIMINE |
| 1/2/2001 | MOTION IN LIMINE |
| 1/2/2001 | MOTION IN LIMINE |
| 1/2/2001 | MOTION IN LIMINE |
| 1/2/2001 | CASE RE-OPENED |
| 11/16/2000 | MEDIATION STATUS REPORT |
| 11/6/2000 | STIPULATION OF MEDIATOR |
| 10/30/2000 | ORDER SETTING JURY TRIAL 02262001 AND PRETRIAL CONFERENCE |
| 10/30/2000 | MEDIATION ORDER |
| 9/27/2000 | NOTICE OF CASE MANAGEMENT ON 11-13-2000 AT 9:45 AM |
| 8/28/2000 | NOTICE OF TAKING DEPOSITION |
| 8/16/2000 | NOTICE OF TAKING DEPOSITION |
| 8/16/2000 | NOTICE OF TAKING DEPOSITION |
| 7/31/2000 | RESPONSE TO REQUEST FOR ADMISSION |
| 7/31/2000 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES |
| 7/31/2000 | RESPONSE TO REQUEST FOR PRODUCTION |
| 6/7/2000 | NOTICE OF SERVICE OF INTERROGATORIES |
| 6/7/2000 | REQUEST FOR ADMISSIONS |
| 6/7/2000 | REQUEST FOR PRODUCTION |
| 6/5/2000 | NOTICE FOR JURY TRIAL |
| 1/5/2000 | FINAL JUDGMENT . |
| 12/30/1999 | MOTION TO STRIKE AFFIDAVIT OF EARNEST STANBERRY |
| 12/30/1999 | ORDER GRANTING MOTION FOR PARTIAL JUDGMENT AND DENYING |
| 12/17/1999 | NOTICE OF HEARING 12/21/99 @ 9:30 AM |
| 12/17/1999 | STANBERRY |
| 12/17/1999 | MOTION (ESCAMBIA COUNTY) TO STRIKE AFFIDAVIT OF EARNEST |
| 12/16/1999 | AFFIDAVIT OF EARNEST STANBERRY |
| 12/16/1999 | NOTICE OF FILING AFFIDAVIT OF EARNEST STANBERRY, JR. |
| 11/1/1999 | DEPOSITION OF ALBERT MITCHELL BERRY ON 06-22-99 1:00 P;M |
| 11/1/1999 | DEPOSITION OF EARNEST STANBERRY, JR. ON 07-01-99 AT 10:00 AM |
| 11/1/1999 | ALBERT MITCHELL BERRY |
| 11/1/1999 | NOTICE OF FILING DEPOSITIONS OF EARNEST STANBERRY, JR. AND |
| 11/1/1999 | MOTION FOR SUMMARY JUDGMENT |
| 7/23/1999 | DEPOSITION OF EARNEST STANBERRY,JR. ON 07-01-99 |
| 6/29/1999 | AMENDED NOTICE OF TAKING DEPOSITION |
| 6/28/1999 | AMENDED NOTICE OF TAKING DEPOSITION |
| 5/26/1999 | NOTICE OF TAKING DEPOSITION |
| 5/26/1999 | NOTICE OF TAKING DEPOSITION |
| 5/19/1999 | ORDER DENYING MOTION TO AMEND ANSWER TO ADD DEFENSES |
| 4/27/1999 | ORDER SUBSTITITION ATTORNEY'S |
| 4/27/1999 | MOTION FOR SUBSTITUTION OF COUNSEL |
| 4/7/1999 | AFFIRMATIVE DEFENSES |
| 4/7/1999 | AMENDED MOTION OF ESCAMBIA COUNTY TO AMEND ANSWER AND |
| 4/5/1999 | NOTICE OF HEARING ON 05-18-99 AT 11:00 AM |
| 4/1/1999 | EXHIBIT A -- AGREEMENT BETWEEN EARNEST AND CEOLA STANSBERRY |
| 3/30/1999 | ESCAMBIA COUNTY |

| DATE | ENTRY |
|---|---|
| 3/30/1999 | NOTICE OF APPEARANCE AS CO COUNSEL BY ALISON PERDUE FOR |
| 3/30/1999 | MOTION TO AMEND ANSWER & AFFIRMATIVE DEFENSES |
| 3/2/1999 | NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES |
| 1/29/1999 | NOTICE OF SERVICE OF RESPONSE TO REQUEST TO PRODUCE |
| 1/29/1999 | STIPULATION FOR MOTION FOR VIEW |
| 1/29/1999 | NOTICE OF FILING STIPULATION FOR MOTION FOR VIEW |
| 12/31/1998 | NOTICE OF SERVICE |
| 12/31/1998 | NOTICE OF HEARING 2/24/99 @ 10:15 AM |
| 12/31/1998 | REQUEST FOR PRODUCTION |
| 12/31/1998 | ESCAMBIA COUNTY'S MOTION FOR VIEW |
| 11/5/1998 | REPLY TO TO AFFIRMATIVE DEFENSES |
| 10/26/1998 | SUMMONS RET SERVED TO ESCAMBIA COUNTY, FL ON 10-16-98 |
| 10/26/1998 | NOTICE OF FILING RETURN OF SERVICE |
| 10/26/1998 | ANSWER OF ESCAMBIA COUNTY |
| 10/15/1998 | SUMMONS RET SERVED TO ESCAMBIA COUNTY, FL ON 10-08-98 |
| 10/15/1998 | NOTICE OF FILING RETURN OF SERVICE |
| 9/30/1998 | COMPLAINT/PETITION FILED |